# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| LETITIA ADAMS,<br><br>    Plaintiff,<br><br>v.<br><br>TRANSWORLD SYSTEMS INC.;<br>EXPERIAN INFORMATION<br>SOLUTIONS, INC.; EQUIFAX<br>INFORMATION SERVICES LLC, and<br>TRANSUNION LLC,<br><br>    Defendants. | Case No.:<br><br>**Complaint for Damages:**<br>    1. Violation of Fair Credit Reporting Act<br>    2. Violation of Fair Debt Collection Practices Act |

Plaintiff, Letitia Adams, by and through undersigned counsel, upon information and belief, hereby complains as follows:

## I.    INTRODUCTION

1. This action arises out of Defendants' violations of the Fair Credit Reporting Act ("FCRA") and Fair Debt Collection Practices Act ("FDCPA") whereby Plaintiff discovered inaccurate information reporting on their consumer credit reports, disputed that inaccurate information, and Defendants willfully or negligently refused to correct the inaccurate information on Plaintiff's consumer credit report, damaging Plaintiff.

## II.    PARTIES

2. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(3).

3. Defendant Transworld Systems Inc. ("Transworld") is at all times relevant hereto were, lending institutions regularly doing business in the State of Georgia.

4. At all times pertinent hereto, Defendant Transworld is a "person" as that term is defined in 15 U.S.C. §1681a(b) and also a "furnisher" of credit information as

that term is described in 15 U.S.C. §1681s-2 *et seq.*

5. Defendant Transworld was at all relevant times engaged in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

6. Defendant Transworld is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

7. Defendant, Experian Information Solutions, Inc. ("Experian"), is a credit reporting agency, licensed to do business in Georgia.

8. Defendant Experian is, and at all times relevant hereto was, regularly doing business in the State of Georgia.

9. Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d), to third parties.

10. Experian furnishes such consumer reports to third parties under contract for monetary compensation.

11. At all times pertinent hereto, Defendant Experian was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §1681a(b) and (f).

12. Defendant, Equifax Information Services LLC ("Equifax"), is a credit reporting agency, licensed to do business in Georgia.

13. Defendant Equifax is, and at all times relevant hereto was, regularly doing business in the State of Georgia with North American headquarters in Atlanta, Georgia,

14. Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d), to third parties.

15. Equifax furnishes such consumer reports to third parties under contract for monetary compensation.

16. At all times pertinent hereto, Defendant Equifax was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §1681a(b) and (f).

17. Defendant, TransUnion LLC ("TransUnion"), is a credit reporting agency, licensed to do business in Georgia.

18. Defendant TransUnion is, and at all times relevant hereto was, regularly doing business in the State of Georgia.

19. TransUnion is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d), to third parties.

20. TransUnion furnishes such consumer reports to third parties under contract for monetary compensation.

21. At all times pertinent hereto, Defendant TransUnion was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §1681a(b) and (f).

### III.  JURISDICTION AND VENUE

22. This Court has jurisdiction over this action pursuant to 15 U.S.C. §1681p, 15 U.S.C. §1692k(d), and 28 U.S.C. §1331.

23. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### IV.  FACTUAL ALLEGATIONS

24. Plaintiff is a consumer who is the victim of inaccurate reporting by Defendants Transworld, Experian, Equifax and TransUnion (collectively, "Defendants"), and has suffered particularized and concrete harm.

25. Equifax, Experian and TransUnion are the three largest consumer reporting agencies ("CRAs") as defined by 15 U.S.C. §1681a(f).

26. The CRAs' primary business is the sale of consumer reports (commonly referred to as "credit reports") to third parties and consumers.

27. Experian, Equifax and TransUnion have a duty, under the FCRA, to follow reasonable procedures to ensure that the consumer reports they sell meet the standard of

"maximum possible accuracy." 15 U.S.C. §1681e(b).

28. Plaintiff discovered the Transworld account balance $698 on their Equifax, Experian, and TransUnion consumer reports in error (the "Account").

29. The Account does not belong to the Plaintiff.

30. The Plaintiff believes their consumer report file is being mixed with another consumer's file, her mother with whom she shares the same name.

31. The Defendants continue erroneously to report the Account with balance due and owing inclusive of late fees and penalties, and a derogatory status to Experian, Equifax and TransUnion which are CRAs and which report accounts on Plaintiff's consumer reports that do not belong to the Plaintiff.

32. The false information regarding the Account appearing on Plaintiff's consumer reports harms the Plaintiff because it does not accurately depict Plaintiff's credit history and creditworthiness and overstates credit utilization.

### PLAINTIFF'S WRITTEN DISPUTE

33. On or about May 5, 2025, Plaintiff sent a written disputes to Equifax ("Equifax Dispute"), disputing the inaccurate information regarding the Account reporting on Plaintiff's consumer report.

34. On or about May 5, 2025, Plaintiff sent a written disputes to Experian ("Experian Dispute"), disputing the inaccurate information regarding Account reporting on Plaintiff's consumer report.

35. On or about May 5, 2025, Plaintiff sent a written disputes to TransUnion ("TransUnion Dispute"), disputing the inaccurate information regarding the Account reporting on Plaintiff's consumer report.

36. Upon information and belief, Equifax, Experian and TransUnion forwarded Plaintiff's Disputes (collectively the "Dispute Letters") to Defendants Transworld.

37. Upon information and belief, Transworld received notification of Plaintiff's Dispute Letters from Equifax, Experian, and TransUnion.

38. Upon information and belief, Transworld verified the erroneous information associated with the Account to Equifax, Experian, and TransUnion.

39. Transworld failed to conduct an investigation, contact Plaintiff, contact third-parties, or review underlying account information with respect to the disputed information and the accuracy of the Account.

40. Equifax, Experian, and TransUnion each did not conduct an investigation, contact Plaintiff, contact third-parties, or review underlying account information with respect to the disputed information and the accuracy of the Account.

41. Upon information and belief, Transworld failed to instruct Equifax, Experian, and TransUnion to remove the false information regarding the Account reporting on Plaintiff's consumer reports.

42. Equifax, Experian, and TransUnion employed an investigation process that was not reasonable and did not remove the false information regarding the Account identified in Plaintiff's Dispute Letters.

43. At no point after receiving the Dispute Letters did Transworld, Equifax, Experian, or TransUnion communicate with Plaintiff to determine the veracity and extent of Plaintiff's Dispute Letters.

44. Equifax, Experian, and TransUnion relied on their own judgment and the information provided to them by Transworld rather than grant credence to the information provided by Plaintiff.

45. The Plaintiff was denied credit due to the erroneous information associated with the Account.

46. The Plaintiff has refrained from needed credit applications due to the erroneous information associated with the Account.

47. Plaintiff has lost time working to resolve the adverse information associated with the Account to prevent harm.

## COUNT I – EXPERIAN

### FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681e(b)

48. Plaintiff re-alleges and reaffirms the above paragraphs 1-47 as though fully set forth herein.

49. After receiving the Experian Dispute, Experian failed to correct the false information regarding the Account reporting on Plaintiff's Experian consumer report.

50. Defendant Experian violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files Defendant Experian published and maintained concerning Plaintiff.

51. As a result of this conduct, action and inaction of Defendant Experian, Plaintiff suffered damage and continues to suffer actual damages including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

52. Defendant Experian's conduct, action, and inaction were willful, rendering Defendant Experian liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

53. In the alternative, Defendant Experian was negligent, entitled Plaintiff to recover damages under 15 U.S.C. §1681o.

54. Plaintiff is entitled to recover costs and attorneys' fees from Defendant Experian, pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT II – EXPERIAN

### FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681i

55. Plaintiff re-alleges and reaffirms the above paragraphs 1-47 as though fully set forth herein.

56. After receiving the Experian Dispute, Experian failed to correct the false information regarding the Account reporting on Plaintiff's Experian consumer report.

57. Defendant Experian violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

58. As a result of this conduct, action and inaction of Defendant Experian, Plaintiff suffered damage and continues to suffer actual damages including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

59. Defendant Experian's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

60. In the alternative, Defendant Experian was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

61. Plaintiff is entitled to recover costs and attorneys' fees from Defendant Experian pursuant to 15 U.S.C. §1681n and/or §1681o.

### COUNT III – EQUIFAX
### FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681e(b)

62. Plaintiff re-alleges and reaffirms the above paragraphs 1-47 as though fully set forth herein.

63. After receiving the Equifax Dispute, Equifax failed to correct the false information regarding the Account reporting on Plaintiff's Equifax consumer report.

64. Defendant Equifax violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation

of the credit reports and credit files Defendant Equifax published and maintained concerning Plaintiff.

65. As a result of this conduct, action and inaction of Defendant Equifax, Plaintiff suffered damage and continues to suffer actual damages including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

66. Defendant Equifax's conduct, action, and inaction were willful, rendering Defendant Equifax liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

67. In the alternative, Defendant Equifax was negligent, entitled Plaintiff to recover damages under 15 U.S.C. §1681o.

68. Plaintiff is entitled to recover costs and attorneys' fees from Defendant Equifax, pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT IV – EQUIFAX
## FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681i

69. Plaintiff re-alleges and reaffirms the above paragraphs 1-47 as though fully set forth herein.

70. After receiving the Equifax Dispute, Equifax failed to correct the false information regarding the Account reporting on Plaintiff's Equifax consumer report.

71. Defendant Equifax violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

72. As a result of this conduct, action and inaction of Defendant Equifax, Plaintiff suffered damage and continues to suffer actual damages including economic

loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

73. Defendant Equifax's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

74. In the alternative, Defendant Equifax was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

75. Plaintiff is entitled to recover costs and attorneys' fees from Defendant Equifax pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT V – TRANSUNION
## FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681e(b)

76. Plaintiff re-alleges and reaffirms the above paragraphs 1-47 as though fully set forth herein.

77. After receiving the TransUnion Dispute, TransUnion failed to correct the false information regarding the Account reporting on Plaintiff's TransUnion consumer report.

78. Defendant TransUnion violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files Defendant TransUnion published and maintained concerning Plaintiff.

79. As a result of this conduct, action and inaction of Defendant TransUnion, Plaintiff suffered damage and continues to suffer actual damages including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

80. Defendant TransUnion's conduct, action, and inaction were willful,

rendering Defendant TransUnion liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

81. In the alternative, Defendant TransUnion was negligent, entitled Plaintiff to recover damages under 15 U.S.C. §1681o.

82. Plaintiff is entitled to recover costs and attorneys' fees from Defendant TransUnion, pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT VI – TRANSUNION
## FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681i

83. Plaintiff re-alleges and reaffirms the above paragraphs 1-47 as though fully set forth herein.

84. After receiving the TransUnion Dispute, TransUnion failed to correct the false information regarding the Account reporting on Plaintiff's TransUnion consumer report.

85. Defendant TransUnion violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

86. As a result of this conduct, action and inaction of Defendant TransUnion, Plaintiff suffered damage and continues to suffer actual damages including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

87. Defendant TransUnion's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

88. In the alternative, Defendant TransUnion was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

89. Plaintiff is entitled to recover costs and attorneys' fees from Defendant TransUnion pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT VII – TRANSWORLD
## Fair Credit Reporting Act Violation – 15 U.S.C. §1681s-2(b)

90. Plaintiff re-alleges and reaffirms the above paragraphs 1-47 as though fully set forth herein.

91. After receiving the Dispute Letters, Transworld failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

92. Defendants violated 15 U.S.C. §1681s-2(b) by failing to fully and properly investigate Plaintiff's disputes of Defendants Transworld's representations; by failing to review all relevant information regarding Plaintiff's disputes; by failing to accurately respond to credit reporting agencies; by verifying false information; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of Defendants Transworld's representations to consumer credit reporting agencies, among other unlawful conduct.

93. As a result of this conduct, action, and inaction of Defendants Transworld, Plaintiff suffered damages, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

94. Defendants Transworld's conduct, action, and inaction were willful, rendering Defendants liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

95. In the alternative, Defendants Transworld was negligent, entitling Plaintiff

to recover damages under 15 U.S.C. §1681o.

96.  Plaintiff is entitled to recover costs and attorneys' fees from Defendants Transworld pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

## COUNT VIII – TRANSWORLD
### Fair Debt Collection Practices Act Violation – 15 U.S.C. § 1692

97.  Plaintiff re-alleges and reaffirms the above paragraphs 1-47 as though fully set forth herein.

98.  Congress enacted the FDCPA to "eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged, and to promote consistent state action to protect consumers." Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA, 559 U.S. 573, 577 (2010) (citing 15 U.S.C. § 1692(e)).

99.  "The FDCPA is a strict liability statute to the extent it imposes liability without proof of an intentional violation." Allen ex rel. Martin v. LaSalle Bank, N.A., 629 F.3d 364, 368 (3d Cir. 2011).

100.  "It is a remedial statute that we 'construe . . . broadly, so as to effect its purpose.'" Rosenau v. Unifund Corp., 539 F.3d 218, 221 (3d Cir. 2008) (quoting Brown v. Card Serv. Ctr., 464 F.3d 450, 453 (3d Cir. 2006)).

101.  More broadly, the FDCPA was enacted in order to eliminate abusive debt collection practices, which contribute to the number of personal bankruptcies, marital instability, loss of employment, and invasions of privacy as well as insure that debt collectors who refrain from using such practices are not competitively disadvantaged. See, e.g., 15 U.S.C. § 1692(a), (e); Lesher v. Law Offices of Mitchell N. Kay, PC, 650 F.3d 993, 996 (3d Cir.2011); Wilson, 225 F.3d at 354.

102.  "[C]ourts have analyzed the statutory requirements [of the FDCPA] 'from the perspective of the least sophisticated debtor.' This standard is less demanding than

one that inquires whether a particular debt collection communication would mislead or deceive a reasonable debtor." Campuzano-Burgos v. PRA Credit Management, Inc., 550 F.3d 294, 298 (3d Cir. 2008) (quoting Rosenau, 539 F.3d at 221); see also Clomon v. Jackson, 988 F.2d 1314, 1318 (2d Cir. 1993) ("The basic purpose of the 'least-sophisticated consumer' standard is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd.").

103.    "The basic purpose of the least-sophisticated [debtor] standard is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd. This standard is consistent with the norms that courts have traditionally applied in consumer-protection law." Caprio v. Healthcare Revenue Recovery Grp., LLC, 709 F.3d 142, 148-49 (3d Cir. 2013) (quoting Lesher, 650 F.3d at 997).

104.    The FDCPA creates a broad, flexible prohibition against the use of misleading, deceptive, or false representations in the collection of debts. See 15 U.S.C. § 1692e; Hamilton v. United Healthcare of Louisiana, Inc., 310 F.3d 385, 392 (5th Cir. 2002) (citing legislative history reference to the FDCPA's general prohibitions which "will enable the courts, where appropriate, to proscribe other improper conduct which is not specifically addressed").

105.    Included as an example of conduct that violates section 1692e is the false representation of the character, amount, or legal status of a debt. 15 U.S.C. § 1692e(2)(A).

106.    Thus, the plain-language of the FDCPA makes it clear that under the strict liability framework, any false representation as to the amount of the debt is sufficient to show a violation of the FDCPA. See Randolph v. IMBS, Inc., 368 F.3d 726, 730 (7th Cir. 2004) ("§ 1692e(2)(A) creates a strict-liability rule. Debt collectors may not make false claims, period."); see also Turner v. J.V.D.B. & Associates, Inc., 330 F.3d 991, 995 (7th Cir. 2003) ("under § 1692e ignorance is no excuse"). 64. Under the same general prohibition of false, misleading, or deceptive debt collection practices, the

13

FDCPA prohibits a debt collector from "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false. . . ." 15 U.S.C. § 1692e(8).

107.  Transworld violated 15 U.S.C. § 1692e(2)(a) by using false, deceptive, or misleading representations or means in connection with the collection of Plaintiffs' Debt, including by reporting false information to the credit reporting agencies concerning the Debt, and by failing to correct the false information once disputed.

108.  Transworld violated 15 U.S.C. § 1692e(8) by communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against Defendants for willful noncompliance of the Fair Credit Reporting Act and seeks statutory remedies as defined by 15 U.S.C. § 1681 and demands:

A.  Jury trial;

B.  Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

C.  Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendants' willful violation;

D.  The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

E.  Any further legal and equitable relief as the court may deem just and proper in the circumstances.

**WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against Transworld for noncompliance of the Fair Debt Collection Practices Act and seeks remedies as

defined by 15 U.S.C. § 1692 and demands:

A. Adjudging that Transworld violated 15 U.S.C. § 1692e;

B. Statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

C. Actual damages to be proven at trial, pursuant to 15 U.S.C. § 1692k(a)(1);

D. The costs of instituting this action together with reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

E. Any further legal and equitable relief as the court may deem just and proper in the circumstances.

Dated:    June 27, 2025

*/s/ Esther Oise*
Esther Oise, Esq. (GA Bar #686342)
Oise Law Group PC
2635 Governors Walk Blvd.
Snellville, GA 30078
Email: oiselaw@gmail.com
Telephone: (770) 895-3736
Attorney for Plaintiff